**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BRYAN F. A.,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, and ERIC TOLLEFSON, Sheriff of Kandiyohi County.

Respondents.

Case No. 26-CV-3266 (NEB/LIB)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Bryan F.A.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Bryan F.A. is a citizen of Venezuela. (*Id.* ¶ 13.) He is married to a United States citizen, and they have one child. (*Id.* ¶ 15.)

Bryan F.A. entered the United States in 2022, and the government allowed him to enter the United States subject to the conditions of his parole. (ECF No. 7 ("Draves Decl.") ¶ 4.) His parole expired in 2022. (*Id.*) He has a pending asylum application and no final order of removal. (Pet. ¶ 14.)

On June 21, 2026, Bryan F.A. was arrested on a fifth-degree assault charge, and county officials turned him over to ICE. (*Id.* ¶ 16; Draves Decl. ¶¶ 5–7.) ICE initiated

removal proceedings against Bryan F.A. by issuing a notice to appear; served a Form I-200 warrant upon arrest; and took Bryan F.A. into custody. (Draves Decl. ¶¶ 7–8.)

Bryan F.A. filed a habeas action challenging his detention. Because Bryan F.A.'s detention violates due process, the Court grants the petition and orders Respondents to release Bryan F.A.

**ANALYSIS**

**I. Verification of Petition**

A petition for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A person action on behalf of the petitioner might sign and verify the petition due to, among other things, the petitioner's inaccessibility. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990).

Respondents ask the Court to reject the petition because Bryan F.A.'s attorney, rather than Bryan F.A., signed the petition. (ECF No. 6 at 2–3.) This ignores the realities of Respondents' confinement of noncitizen detainees. Counsel are often forced to file habeas petitions without meeting with their clients because their clients are detained quickly and without notice. *Advocs. for Hum. Rts. v. U.S. Dep't of Homeland Sec.*, 825 F. Supp. 3d 858, 874–75, 888–98 (D. Minn. 2026), *appeal docketed*, No. 26-2064 (8th Cir. May 29, 2026). And once a client is detained, counsel have limited—if any—access to their client. *Id.* at 870–74, 891–92. Like other courts in this District, this Court will not reject a habeas petition based on the predictable results of Respondents' detention scheme and conditions of confinement. *E.g.*, *Vu V.L. v. Mullin*, No. 26-CV-2947 (LMP/JFD), 2026 WL 1893611, at *3 (D. Minn. July 1, 2026); *Victor P. v. Blanche*, No. 26-CV-3217 (JMB/SGE), 2026

WL 2110732, at *2 n.4 (D. Minn. July 22, 2026). The Court will assess the petition on its merits.

**II. 8 U.S.C. Section 1225(b)(1)**

Respondents assert that Bryan F.A. is an arriving alien subject to detention under 8 U.S.C. Section 1225(b)(1)(B)(iii)(IV). (ECF No. 6 at 3.) Under Section 1225(b)(1), immigration officers may deport certain arriving noncitizens quickly, without a hearing before an immigration judge or appellate review. Noncitizens in expedited removal proceedings are subject to mandatory detention. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

Generally, two groups are subject to expedited removal proceedings: (1) those "arriving in the United States," § 1225(b)(1)(A)(i), and (2) those in the United States who were not admitted or paroled and who cannot show continuous presence in the United States for two years, § 1225(b)(1)(A)(iii). It is unclear how Bryan F.A., who was paroled into the United States four years ago, and is currently in standard removal proceedings under Section 1229a, is subject to expedited removal proceedings, and Respondents do not explain their position that expedited removal applies. *See Coal. for Humane Immigrant Rights v. Noem*, 805 F. Supp. 3d 48, 82–99 (D.D.C. 2025); (ECF No. 7-3 at 1.)

Even if Bryan F.A. were subject to expedited removal, expedited removal does not provide the government with carte blanche authority to detain and deport noncitizens. For example, when a noncitizen indicates an intention to apply for asylum, then an asylum officer must interview the noncitizen for a credible fear assessment. 8 U.S.C. § 1225(b)(1)(A)(ii). If the officer finds that the noncitizen does not have a credible fear, then the noncitizen "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." § 1225(b)(1)(B)(iii)(IV).

A noncitizen may seek review by an immigration judge of a determination that the noncitizen does not have a credible fear. § 1225(b)(1)(B)(iii)(III).

Respondents do not mention these requirements in their brief, nor do Respondents explain how they followed these statutory mandates for Bryan F.A. There is no evidence that the procedure took place. And if there was a credible fear interview, there would be a written record. § 1225(b)(1)(B)(iii)(II). Instead of the process outlined in Section 1225(b)(1), Bryan F.A. submitted his application for asylum before the Asylum Office, the only procedure that was available to him. Without any evidence or argument from Respondents that explains why Bryan F.A. is subject to expedited removal, or that the government complied with the statutory scheme, the Court must conclude that Section 1225(b)(1)(B)(iii)(IV) does not justify Bryan F.A.'s detention. *See Jose Daniel R. v. Bondi*, No. 26-CV-1466 (LMP/ECW) (D. Minn. Feb. 23, 2026), ECF No. 8 at 3–4.

Bryan F.A.'s detention without legal authorization violates Bryan F.A.'s right to due process. Bryan F.A. has a significant liberty interest in being free from physical restraint, and, without any statute justifying Bryan F.A.'s detention, he is entitled to release. *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2–3 (D. Minn. July 2, 2026). Respondents' arguments to the contrary hinge on the government's statutory authority to detain noncitizens under Section 1225(b)(1)(B)(iii)(IV). Because that Section does not apply to Bryan F.A., he is entitled to immediate release. *Jose Daniel R.*, No. 26-CV-1466 (LMP/ECW), ECF No. 8 at 5.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED; and

2. Respondents are ordered to release Petitioner from custody by August 6, 2026. He must be released:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel (Patrick Francis Hellier; 612-500-4327; phellier@zimmigration.com); and

    c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys.

    d. Respondents shall file a status update with the Court acknowledging the release of petitioner with his personal affects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 3, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge